NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LOREN J. LARSON, Jr.,

Plaintiff-Appellant,

v.

STATE OF ALASKA, Department of
Corrections; AMY RABEAU,

Defendants-Appellees.

No. 15-35544

D.C. No. 3:14-cv-00043-RRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted November 16, 2016[**]

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

Loren J. Larson, Jr., an Alaska state prisoner, appeals pro se from the district

court's summary judgment in his action under the Religious Land Use and

Institutionalized Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We reverse and remand.

Defendants do not dispute on appeal that the policy regarding non-removable wristband identification imposed a substantial burden on Larson's religious exercise. The sole issue on appeal is whether the district court properly granted summary judgment when it found that defendants established that the non-removable wristband identification was the least restrictive means of furthering the compelling governmental interest in security. However, defendants submitted the declaration of L. Dean Marshall explaining that "some inmates, such as those inmates who serve on work crews or on special projects," still wear removable identification tags. The declaration does not indicate whether the security concerns underlying the wristband identification requirement are inapplicable to the individuals allowed to wear removable identification tags. Thus, the record shows a genuine dispute of material fact as to whether the non-removable wristband identifications are the least restrictive means. *See* 42 U.S.C. § 2000cc-1(a) (stating that under RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise" of a prisoner unless the government establishes that the burden furthers "a compelling governmental interest" and does so by "the least restrictive

2                                                    15-35544

means"). Accordingly, we reverse summary judgment for defendants and remand for further proceedings.

**REVERSED and REMANDED.**